IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK A.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:22-cv-00871-JR

OPINION & ORDER

RUSSO, Magistrate Judge:

Plaintiff Mark A. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Title XVI Supplemental Security Income benefits under the Social Security Act ("the Act"). All parties have consented to allow a Magistrate Judge to enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). ECF No. 22. For the reasons set forth

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

below, the Commissioner's decision is reversed and remanded for an immediate calculation and payment of benefits.

## PROCEDURAL BACKGROUND

Born in March 1968, plaintiff alleges disability beginning January 1, 2013, due to PTSD, OCD, anxiety, night terrors, insomnia, leg issues, sciatica, high blood pressure, back issues and heart issues. Tr. 150. His application was denied initially and upon reconsideration. Tr. 73, 77. On December 2, 2020, plaintiff appeared at an administrative hearing before Administrative Law Judge ("ALJ") John D. Sullivan. Tr. 27–48. On February 2, 2021, the ALJ issued a decision finding plaintiff not disabled from the alleged onset date through the date of decision. Tr. 10-24. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found plaintiff did not engage in substantial gainful activity since the protective filing date. Tr. 15. At step two, the ALJ determined the following impairment was medically determinable and severe: posttraumatic stress disorder (PTSD). *Id.* The ALJ found that plaintiff's left medial knee pain was not severe. *Id.* At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 16.

Because plaintiff did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform a full range of work at all exertional levels except that he:

> can understand, remember, and carry out no more than simple, routine tasks involving simple work-related decision-making. He can tolerate no more than

occasional interaction with co-workers, supervisors, or the public. His time off task can be accommodated by normal breaks.

Tr. 17.

At step four, the ALJ determined plaintiff had no past relevant work. Tr. 19. At step five, the ALJ found plaintiff had the ability to perform jobs that exist in significant numbers in the national economy, specifically as a hospital cleaner, kitchen helper, and small products assembler I. Tr. 20.

## DISCUSSION

Plaintiff argues the ALJ erred by erroneously rejecting Shawna Smith, QMHP's medical opinion that he would miss two or more work days a month, and requests remand for immediate payment of benefits. Pl. Br., ECF No. 12 at 3. The Commissioner agrees this error was harmful and that remand is appropriate, but argues further proceedings are warranted. Def. Br. at 3-7.

**A.    Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the

ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408

**B.     Analysis**

Because the Commissioner concedes that the ALJ committed harmful error[2] by failing to incorporate qualified mental health professional (QMHP) Shawna Smith's opinion that plaintiff would miss at least two or more days of work per month due to mental health symptoms, Tr. 897, remand is appropriate. *See* Def. Br. at 2. The Commissioner argues the Court should remand for further consideration for three reasons. The Commissioner first argues the ALJ must reconcile Ms. Smith's opinion with contradictory findings by the state agency medical consultants. *Id.* at 3. Second, he argues remand is appropriate for the ALJ to perform a materiality analysis for plaintiff's drug and alcohol addiction (DAA) under Social Security Ruling (SSR) 13-2p. *Id.* at 5

---

[2] The error here was harmful because the vocational expert testified that missing two or more days per month would preclude full time work. At the hearing, the ALJ asked the VE to summarize customary expectations of employers in terms of absences, rest breaks, and time off task. Tr. 44. The VE testified that no more than one day per month of random absences would be tolerated. *Id.* The ALJ asked the VE to clarify that anyone that exceeded the customary tolerance would be eliminated "not only from the jobs you were previously discussing, but all employment?" *Id.* The VE confirmed that this would be correct. Tr. 45. Therefore, a person limited as Ms. Smith described would be unable to sustain full-time employment either in the jobs identified at step five, or in any full-time employment.

4 – OPINION & ORDER

(citing 2013 WL 621536, 20 C.F.R. §§ 404.1535, 416.935). And finally, the Commissioner argues the case requires further proceedings on remand because Ms. Smith's opinion is internally inconsistent. *Id.* at 6. For the reasons described below, the record is fully developed, and no ambiguities exist requiring further administrative development, thus requiring remand for payment of benefits.

The Commissioner urges remand for further consideration because Ms. Smith's opinion differs from those of state agency doctors in the record. As the Ninth Circuit has repeatedly emphasized, further proceedings are appropriate (*i.e.,* serve a "useful purpose") only if there is truly a new factual discrepancy the ALJ has not considered; otherwise "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke*, 379 F.3d at 595; *Garrison*, 759 F.3d at 1021-22 (recognizing that "our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose'"). Remand would be no more than a do-over for the ALJ on this issue--exactly what the Ninth Circuit prohibits in the credit-as-true analysis. *See id.* The Commissioner is correct that there are discrepancies between Ms. Smith's opinion and those of several state agency doctors who found plaintiff had no medically determinable impairment. *Compare* Tr. 895-97 *with* Tr. 53, 62, 69. But the ALJ already reconciled these conflicts, and there is no "useful purpose" in his doing so again. In his opinion, the ALJ noted the state agency consultants did not review the full medical record, including Ms. Smith's opinion, so only considered them marginally relevant to "certain social and non-exertional limitations" he included in the RFC. Tr. 18. The ALJ considered Ms. Smith's much more recent opinion from December 2020, and found it "persuasive," providing a fuller picture of plaintiff's limitations.

5 – OPINION & ORDER

Tr. 18-19. Because there is no new factual discrepancy for the ALJ to resolve, it would serve no useful purpose to remand for further proceedings on this basis.

Nor are further proceedings necessary to address the Commissioner's second proposed basis--that the ALJ must perform a DAA materiality analysis as required by the Act and its related regulations. Where relevant, an ALJ must conduct a DAA analysis and determine whether a claimant's disabling symptoms remain, absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935. That is, the ALJ must first identify disability under the five-step procedure and then conduct a DAA analysis to determine whether substance abuse is material to disability. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). This materiality analysis only applies, however, when an ALJ has found a claimant's drug or alcohol use is a medically determinable impairment at step two. *See* SSR 13-2p ("When we adjudicate a claim…*establishing that DAA is a medically determinable impairment*…we must *then* determine whether the claimant would continue to be disabled"); *id* (3) ("How do we determine whether a claimant has DAA?... claimant has DAA *only if he or she has a medically determinable Substance Use Disorder*") (emphases added). Here, the ALJ did not find plaintiff had a substance use disorder MDI. *See* Tr. 15. (noting plaintiff only suffered from one severe impairment-- PTSD). Therefore, because the ALJ need not perform a materiality analysis under the regulations, remand on this basis would similarly serve no useful purpose.

Lastly, this case does not require further proceedings for the ALJ to reconsider what the Commissioner terms "internal inconsistencies" in Ms. Smith's opinion. The Commissioner argues the ALJ needs an opportunity to reconcile Ms. Smith's observation that plaintiff had only "mild to moderate" limitations (which he acknowledged) with her opinion that plaintiff would miss at least two or more days per month from a full-time job (which he erroneously omitted).

6 – OPINION & ORDER

Tr. 19, 896-97. "Mild" and "moderate" are terms of art in Social Security regulations and case law, and neither is inconsistent with an opinion that a claimant will miss work two or more workdays a month. *See* 20 C.F.R. § 416.920a(d)(1), 416.922. Ms. Smith proposed a limitation reflecting plaintiff's "moderate" limitations in concentrating, persisting, and maintaining pace. Tr. 897. Ms. Smith specifically indicated that these limitations caused plaintiff to experience executive dysfunction and mental fatigue affecting his ability to concentrate, persist, or maintain pace for long periods of time. Tr. 897. In short, these mild to moderate limitations would result in plaintiff missing two or more days (or 16 or more hours) per month, from a full-time job (defined as 8 hours per day, 5 days per week—i.e., 40 hours per week, 160 or more hours per month). Tr. 897. The ALJ considered Ms. Smith's opinion fully persuasive. Tr. 18. The Commissioner identifies no conflict between Ms. Smith's absenteeism opinion and her opinions about "mild" and "moderate" limitations in the Act, its related regulations, or Ninth Circuit case law. *See* Def. Br. at 5. This Court also finds no inconsistency and does not see any useful purpose to remanding on this basis.

The record has been fully developed in this case, and there are no conflicts or ambiguities to resolve on remand. The ALJ found Ms. Smith's opinion persuasive, resolved any conflicts within and outside that opinion, and omitted relevant, disabling aspects of that opinion from his analysis. *See* Tr. 17-20. Because the Court does not have serious doubt about whether plaintiff is disabled and sees no reason the ALJ needs another opportunity to evaluate plaintiff's limitations, the Court exercises its discretion and remands this case for an award of benefits.

## CONCLUSION

For the reasons given above, the Commissioner's decision is reversed and remanded for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 16th day of April, 2024.

    /s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge